IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41399 |
| | ) | |
| RYAN JOSEPH GANNON, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **MEMORANDUM**

Hearing was held in Lincoln, Nebraska, on February 14, 2007, on the Motion to Dismiss Case for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by the U.S. Trustee (Fil. #10), and the Objection thereto filed by Debtor (Fil. #13). O. William VonSeggern appeared for Debtor, and Jerry L. Jensen appeared for the U.S. Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

On October 18, 2006, Debtor filed his voluntary petition (Fil. #1) herein, together with his schedules and Form B22A, the statement of current monthly income and means test calculation. Debtor's Annualized Current Monthly Income is $52,030.20, and the applicable median family income for Debtor's household size of three in the State of Nebraska is $56,991.00. Therefore, Debtor is a "below-median" debtor for purposes of 11 U.S.C. § 707(b)(7) making the presumption of abuse under § 707(b)(2) inapplicable. The U.S. Trustee argues that even though the presumption of abuse does not arise under § 707(b)(2), the totality of the circumstances of Debtor's financial situation demonstrates abuse under § 707(b)(3).

Specifically, the U.S. Trustee argues that Debtor has received bonuses of approximately $10,000.00 for each of the last few years. The 2006 bonus was received outside of the six month period used for calculating Debtor's Current Monthly Income for purposes of Form B22A. Therefore, it was not reflected in his Current Monthly Income calculation on the form. According to the U.S. Trustee, if the bonus had been paid during the period used for calculating Current Monthly Income, Debtor would be an "above-median" debtor and the means test would have revealed an ability to repay creditors under a Chapter 13 plan. The U.S. Trustee further argues that some of the monthly expenses claimed by Debtor are not reasonable, and those amounts could also be used to repay creditors under a Chapter 13 plan.

Section 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this chapter." Section 707(b)(2) outlines the "means test" to determine whether a "presumption of abuse" arises. Under § 707(b)(7), a dismissal based upon a presumption of abuse under § 707(b)(2) is prohibited if the debtor is a below-median debtor.

Since the presumption of abuse does not arise under the means test as set forth in Form B22A, the U.S. Trustee has filed this motion under § 707(b)(3), which provides in pertinent part as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph[1] does not arise or is rebutted, the court shall consider – (A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances * * * of the debtor's financial situation demonstrates abuse.

Accordingly, even where the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in this case would constitute an abuse. Section 707(b)(3) provides the standard for such consideration, namely fraud or the totality of the circumstances.

The U.S. Trustee argues that Debtor has received a bonus in each of the last few years of approximately $10,000.00, which bonus in 2006 raised his annual income above the applicable median family income threshold. The U.S. Trustee further asserts that if the bonus is included in calculating Debtor's income, and with only a minor adjustment in recreation/entertainment expenses, he would have an ability to repay creditors over $30,000.00 (almost 59% of total unsecured claims) under a Chapter 13 plan (Fil. #14). Debtor, on the other hand, argues that the annual bonus is not guaranteed, is outside the six month window for calculating Current Monthly Income and, therefore, should not be considered in determining Debtor's ability to repay his creditors.

The "totality of the circumstances" in this case reveals that this Debtor does have the ability to repay creditors under a Chapter 13 plan. Specifically, even though Debtor's bonus is not guaranteed, he has received it in each of the last few years. When his bonus is included in his income, Debtor has the ability to pay a substantial amount to unsecured creditors. Debtor's ability to pay his creditors is to be considered under § 707(b)(3). *In re Paret*, 347 B.R. 12 (Bankr. D. Del. 2006) (stating "the Court further concludes that the totality of the circumstances test under section 707(b)(3) includes consideration of the debtor's ability to repay his creditors.").

Since this Court has determined that Debtor has the ability to repay a substantial amount to his creditors, the granting of relief under Chapter 7 would be an abuse of the provisions of this chapter under the facts of this case. Therefore, the U.S. Trustee's motion to dismiss is granted. Debtor shall have until March 19, 2007, to convert this case to a proceeding under Chapter 13. If the case is not converted by that date, it will be dismissed upon the filing of an affidavit by the U.S. Trustee.

Separate order to be filed.

DATED: February 20, 2007.

---

[1] Congress apparently meant to refer to subsection (A)(i) of Paragraph (2) because there is no subsection (A)(i) of Paragraph (1).

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Jerry L. Jensen/U.S. Trustee
    O. William VonSeggern
    John A. Wolf

Movant(*) is responsible for giving notice to other parties if required by rule or statute.